RULE 644.  NOTE TAKING BY JURORS.

(A)  **[When a jury trial is expected to last for more than two days, j]J**urors shall be permitted to take notes during **[the trial]** **<u>opening statements, the presentation of evidence, and closing arguments</u>** for their use during deliberations.  **[When the trial is expected to last two days or less, the judge may permit the jurors to take notes.]**

(1)  The jurors shall not take notes during the judge's charge at the conclusion of the trial.

(2)  The court shall provide materials to the jurors that are suitable for note taking.  These are the only materials that may be used by the jurors for note taking.

(3)  The court, the attorney for the Commonwealth, and the defendant's attorney, or the defendant if unrepresented, shall not request or suggest that jurors take notes, comment on the jurors' note taking, or attempt to read any notes.

(4)  The notes of the jurors shall remain in the custody of the court at all times.

(5)  The jurors may have access to their notes and use their notes only during the trial and deliberations.  The notes shall be collected or maintained by the court at each break and recess, and at the end of each day of the trial.

(6)  The notes of the jurors shall be confidential and limited to use for the jurors' deliberations.

(7)  Before announcing the verdict, the jury shall return their notes to the court.  The notes shall be destroyed by court personnel without inspection upon the discharge of the jury.

(8)  The notes shall not be used as a basis for a request for a new trial, and the judge shall deny any request that the jurors' notes be retained and sealed pending a request for a new trial.

(B)  The judge shall instruct the jurors about taking notes during the trial.  At a minimum, the judge shall instruct the jurors that:

(1)  the jurors are not required to take notes, and those jurors who take notes are not required to take extensive notes;

(2)  note taking should not divert jurors from **evaluating witness credibility or from** paying full attention to the evidence**, opening statements, and closing arguments[ and evaluating witness credibility]**;

(3)  the notes merely are memory aids, not evidence or the official record;

(4)  the jurors who take few or no notes should not permit their independent recollection of the evidence to be influenced by the fact that other jurors have taken notes;

(5)  the jurors may not show their notes or disclose the contents of the notes to other jurors until deliberations begin, but may show the notes or disclose the contents during deliberations;

(6)  the jurors may not take their notes out of the courtroom except to use their notes during deliberations; and

(7)  the jurors' notes are confidential, will not be reviewed by the court or anyone else, will be collected before the verdict is announced, and will be destroyed immediately upon discharge of the jury.

COMMENT:  **[This rule was adopted in 2005 to permit the jurors to take notes during the course of any trial that is expected to last more than two days. Pursuant to this rule, except for trials expected to last two days or less, the jury may take notes as a matter of right without the permission of the court.  *See, e.g.*, ABA Standards For Criminal Justice, Second Edition, Standard 15-3.2 (Note taking by jurors) (1980).  This rule was originally adopted as a temporary rule for the purpose of assessing whether juror note taking in criminal cases is beneficial to the system of justice in Pennsylvania.  As the rule has found favor with the bench, bar, and public, the sunset provision of paragraph (C) has been rescinded and the rule has been made permanent.]**

The judge must instruct the jurors concerning the note taking.  Paragraph (B) sets forth the minimum information the judge must explain to the jurors.  The judge also must emphasize the confidentiality of the notes.

It is strongly recommended the judge instruct the jurors along the lines of the following:

We will distribute notepads and pens to each of you in the event you wish to take notes during the trial. You are under no obligation to take notes and it is entirely up to you whether you wish to take notes to help you remember what witnesses said and to use during your deliberations.

If you do take notes, remember that one of your responsibilities as a juror is to observe the demeanor of witnesses to help you assess their credibility. Do not become so involved with note taking that it interferes with your ability to observe a witness or distracts you from hearing the questions being asked the witness and the answers being given by the witness.

**You may also take notes during the opening statements and closing arguments of the attorneys. Again, if you do take notes, do not become so involved with note taking that it prevents you from paying attention to the remainder of the opening statement or closing argument.**

Your notes may help you refresh your recollection of the **[testimony] evidence as well as the attorneys' opening statements and closing arguments. [and] Your notes** should be treated as a supplement to, rather than a substitute for, your memory. Your notes are only to be used by you as memory aids and should not take precedence over your independent recollection of the facts.

Those of you who do not take notes should not be overly influenced by the notes of other jurors. It is just as easy to write something down incorrectly as it is to remember it incorrectly and your fellow jurors' notes are entitled to no greater weight than each juror's independent memory. Although you may refer to your notes during deliberations, give no more or no less weight to the view of a fellow juror just because that juror did or did not take notes. Although you are permitted to use your notes for

your deliberations, the only notes you may use are the notes you write in the courtroom during the proceedings on the materials distributed by the court staff.

Each time that we adjourn, your notes will be collected and secured by court staff. Your notes are completely confidential and neither I nor any member of the court's staff will read your notes, now or at any time in the future. After you have reached a verdict in this case, your notes will be destroyed immediately by court personnel. Pennsylvania Bar Association Civil Litigation Update, *Juror Note-taking in Civil Trials: An Idea Whose Time Has Come*, Volume 5, No. 2 (Spring 2002), at 12.

Pursuant to paragraph (B)(6), the jurors are not permitted to remove the notes from the courtroom during the trial.

Pursuant to paragraph (A)(7), the judge must ensure the notes are collected and destroyed immediately after the jury renders its verdict. The court may designate a court official to collect and destroy the notes.

NOTE: Rule 1113 adopted January 24, 1968, effective August 1, 1968; renumbered Rule 644 and *Comment* revised March 1, 2000, effective April 1, 2001. Rule 644 rescinded June 30, 2005, effective August 1, 2005. New Rule 644 adopted June 30, 2005, effective August 1, 2005; amended August 7, 2008, effective immediately **[.] amended December 3, 2021, effective April 1, 2022.**

\*          \*          \*          \*          \*          \*

***COMMITTEE EXPLANATORY <u>REPORTS</u>:***

***<u>Final</u> <u>Report</u> explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 <u>Pa.B.</u> 1478 (March 18, 2000).***

***<u>Final</u> <u>Report</u> explaining the provisions of new Rule 644 allowing note taking by jurors published with the Court's Order at 35 <u>Pa.B. 3917</u> <u>(July 16, 2005).</u>***

*__Final__ __Report__ explaining the August 7, 2008 amendments making permanent the provisions of Rule 644 allowing note taking by jurors published with the Court's Order at 38 __Pa.B.__ 4606 (August 23, 2008).*

*__Adoption Report explaining amendments permitting note taking by jurors during the presentation of evidence, opening statements, and closing arguments published with the Court's Order at 51 Pa.B. ( , 2021).__*